**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Louis WILLOZ, Defendant-Appellant.**

**No. 72–1697**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1972.

As Modified on Denial of Rehearing Oct. 5, 1972.

Virgil M. Wheeler, Jr., New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

██ By the mandate of this court, United States v. Willoz, 449 F.2d 1321 (5th Cir., 1971), the district court was ordered to conduct an evidentiary hear-

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5. Cir., 1970, 431 F.2d 409.

ing to determine the circumstances under which appellant submitted a supplemental special wagering tax return (Form 11–C). We said:

> "If, upon remand, the district court finds that the supplemental Form 11–C was the product of duress by Agent Perry rather than a voluntary exercise of the will of the defendant Willoz, then the verdict and consequent judgment must be vacated and the indictment against Willoz dismissed. If the Court reaches a contrary determination, the conviction shall stand affirmed by this court as entered."

The district court 340 F.Supp. 383, has held the hearing and concluded that the supplemental form was not the "fruit of unlawful governmental duress, coercion, or misrepresentation", and thereupon ordered that the mandate of this court which issued on October 19, 1971, be put into effect. Willoz appeals.

Appellant is again asserting issues which were raised on the initial appeal and adversely determined by this court. The sole issue we now consider is whether the district court's findings of fact with respect to the duress defense of United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969), are supported by the record. In Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), the Supreme Court held the evidentiary standard in the Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), determination of voluntariness proceeding was by the preponderance of the evidence. Proof beyond a reasonable doubt of all elements of an offense, including the voluntariness of the offense itself, however, is required here. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Applying that standard and after review of the record developed in the district court during the evidentiary hearing, we find that the district court's findings are fully supported by the evidence. The mandate of this court issued on October 19, 1971 and directed to be executed by the district court's order of March 30, 1972 shall be put into effect forthwith.

After review of the record developed in the district court during the evidentiary hearing, we find that the district court's findings are fully supported by the evidence. The mandate of this court issued on October 19, 1971 and directed to be executed by the district court's order of March 30, 1972 shall be put into effect forthwith.

The order of the district court is affirmed.